UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER SANDERS,

                Plaintiff,

      -against-

UNITED STATES OF AMERICA,
MDC BROOKLYN, FCI OTISVILLE,
(FTC) FCI McDOWELL,

                Defendants.
----------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
17-CV-3593(KAM)

**MATSUMOTO, United States District Judge:**

On June 12, 2017, Christopher Sanders ("plaintiff"), appearing *pro se*, filed a letter dated May 25, 2017, regarding an administrative tort claim. (ECF No. 1, Notice of Deficient Filing.) At the time, plaintiff was incarcerated at Federal Correctional Institution McDowell ("FCI McDowell") in West Virginia. Plaintiff did not file a complaint, pay the filing fee, or include a signed application to proceed *in forma pauperis* ("IFP") or a Prisoner Authorization form. The Prison Litigation Reform Act requires an incarcerated plaintiff seeking to proceed IFP to submit an IFP application, a Prisoner Authorization form, and a filing fee to be paid in installments. 28 U.S.C. § 1915(a)(2) and (b)(1). Failure to do so is grounds for dismissal of plaintiff's complaint. *See Razzoli v. Exec.*

1



*Office of U.S. Marshals*, No. 10-CV-4269 (CBA), 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010).

On June 16, 2017, the Clerk's Office for this court provided plaintiff with a complaint form, an IFP form, and a Prisoner Authorization form. (*See generally* ECF No. 1, Notice of Deficient Filing.) In addition, the Clerk's Office instructed plaintiff that, in order to proceed, he must complete, sign, and return the forms within 14 days from receipt of the letter. (*Id.*) On July 17, 2017, plaintiff filed a "memorandum of law" against the United States of America and MDC Brooklyn. (ECF No. 2, Memorandum of Law.) This document is not signed and does not comply with Rule 8 of the Federal Rules of Civil Procedure governing a pleading. (*Id.*)

On August 3, 2017, the court received a letter from plaintiff dated June 20, 2017. (ECF No. 3, Plaintiff's Letter to the Court, dated June 20, 2017.) The letter alleged "acts of misconduct" committed against plaintiff, including loss of property and bodily harm, and requested an investigation. (*Id.* at 1.) The mailing also included a letter dated July 18, 2017, from the Federal Bureau of Prisons, Legal Department, to plaintiff acknowledging receipt of and rejecting plaintiff's administrative claim. (ECF No. 3-1, Letter re Administrative Tort Claim Received July 10, 2017.) Plaintiff appears to have written on this letter and requested to speak with "The Judge"

about the matter in conjunction with "case number cv173593." (*Id.*)

On August 14, 2017, plaintiff filed a civil rights complaint under the docket number 17-CV-3593. (*See* ECF No. 4, Complaint.) To date, plaintiff has failed to either pay the filing fee or request to proceed IFP in this matter. On August 30, 2017, the Clerk's Office again sent the IFP and Prisoner Authorization forms to plaintiff. (ECF No. 5, Letter from the Clerk of the Court, dated August 28, 2017.)

On October 5, 2017, plaintiff filed another set of documents with the court, including two letters, one dated June 8, 2017, and one dated September 30, 2017. (ECF No. 6, Plaintiff's Letter to the Court, filed October 5, 2017, at 2, 4-5.) The letter alleges misconduct and lost property, similar to that alleged in plaintiff's June 20, 2017 letter. (*Id.*) Specifically, plaintiff alleges, *inter alia*, that property was taken from him, he was denied access to the commissary at FCI McDowell, and acts of misconduct were committed concerning his medical care. (*Id.* at 2, 4.)

Plaintiff also enclosed an unsigned waiver of service of summons form (*id.* at 3) and a letter from Warden Barbara Rickard dated May 25, 2017, acknowledging receipt and review of plaintiff's May 3, 2017 request for Administrative Remedy and closing that request (*id.* at 1).

On November 20, 2017, plaintiff filed a letter informing the court of his new address. (ECF No. 7, Plaintiff's Letter to the Court, dated November 6, 2017.)

In light of plaintiff's *pro se* status and in an abundance of caution, the Clerk of Court is directed to re-send the IFP and Prisoner Authorization forms to plaintiff, along with instructions on how to complete those forms, and to note service on the docket. If he wishes to proceed with this action, plaintiff must return the signed and completed forms within 30 days of this Order. If plaintiff fails to comply with this Order within the time allowed, this action shall be dismissed without prejudice.

**SO ORDERED.**

/s/ USDJ KIYO A. MATSUMOTO
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

Dated: Brooklyn, New York
      January 9, 2018