UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER SANDERS,

NOT FOR PUBLICATION

              Plaintiff,

**MEMORANDUM & ORDER**
17-CV-3593 (KAM)(RLM)

  -against-

UNITED STATES OF AMERICA,
MDC BROOKLYN, FCI OTISVILLE,
(FTC) FCI McDOWELL,

              Defendants.
----------------------------------X
**MATSUMOTO, United States District Judge:**

        On June 12, 2017, plaintiff Christopher Sanders ("plaintiff"), appearing *pro se*, filed a letter dated May 25, 2017, regarding an administrative tort claim that he filed with the Bureau of Prisons. (ECF No. 1, Notice of Deficient Filing.) At that time, plaintiff was incarcerated. To date, despite efforts by the Clerk of Court to obtain plaintiff's compliance, plaintiff has not complied with the filing requirements for incarcerated plaintiffs seeking to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the above-captioned action is dismissed.

### BACKGROUND

        While incarcerated at the Federal Correctional Institution McDowell ("FCI McDowell") in West Virginia, plaintiff filed a letter with the court dated May 25, 2017, regarding an administrative tort claim that he filed with the Bureau of Prisons. (ECF No. 1, Notice of Deficient Filing.)

1



Plaintiff did not file a complaint, pay the filing fee, or include a signed Prisoner Authorization form or application to proceed IFP. The Clerk's notice dated June 16, 2017 advised plaintiff to file a signed complaint, submit the filing fee or an IFP application, and to complete and return other forms within fourteen days, but plaintiff failed to do so. (*Id.*)

On August 3, 2017, the court received a letter from plaintiff dated June 20, 2017. (ECF No. 3, Plaintiff's Letter to the Court.) The letter alleged "acts of misconduct" committed against plaintiff, including loss of property and bodily harm, and requested an investigation. (*Id.* at 1.) The mailing also included a letter dated July 18, 2017, from the Federal Bureau of Prisons, Legal Department, to plaintiff acknowledging receipt of and rejecting plaintiff's administrative claim. (ECF No. 3-1, Letter re Administrative Tort Claim received July 10, 2017.) Plaintiff appears to have written on this letter and requested to speak with "The Judge" about the matter in conjunction with "case number cv173593." (*Id.*)

On August 14, 2017, plaintiff filed an unsigned civil rights complaint under docket number 17-CV-3593. (ECF No. 4, Complaint.) However, plaintiff failed to pay the filing fee or request to proceed IFP. On August 30, 2017, the Clerk's Office again sent the IFP and Prisoner Authorization forms to plaintiff. (ECF No. 5, Letter from the Clerk of Court.)

On October 5, 2017, plaintiff filed another set of documents with the court, including two letters, dated June 8 and September 30, 2017. (ECF No. 6, Plaintiff's Letter to the Court.) The letters allege misconduct and lost property, similar to that alleged in plaintiff's June 20, 2017 letter, including allegations that property was taken from him, he was denied access to the commissary at FCI McDowell, and that acts of misconduct were committed concerning his medical care. *(Id.* at 2, 4.) Plaintiff also enclosed an unsigned waiver of service of summons form *(id.* at 3) and a letter from Warden Barbara Rickard dated May 25, 2017, acknowledging receipt and review of, and closing plaintiff's May 3, 2017 request for, Administrative Remedy. *(Id.* at 1).

On November 20, 2017, plaintiff filed a letter informing the court of his new address at FCI Butner in North Carolina. (ECF No. 7, Plaintiff's Letter to the Court, dated November 6, 2017.)

On January 10, 2018, the court issued a Memorandum and Order directing the Clerk of Court to re-send the IFP and Prisoner Authorization forms to plaintiff. (ECF No. 8, Memorandum and Order.) The Clerk of Court mailed the Memorandum and Order and IFP and Prisoner Authorization forms the same day to plaintiff's new address. (ECF Entry dated 1/10/2018.)

On February 5, 2018, plaintiff filed a signed but undated IFP application (ECF No. 9, Motion for Leave to Proceed

3

IFP) and an unsigned Prisoner Authorization form (ECF No. 10, Prisoner Authorization). On February 6, 2018, the Clerk's Office sent plaintiff a letter directing him to complete the Prisoner Authorization form within fourteen (14) days. (ECF No. 11, Notice of Deficient Filing.) On February 21, 2018, plaintiff again filed an unsigned Prisoner Authorization form. (ECF No. 12, Prisoner Authorization.)

On March 6, 2018, the court entered on ECF a Memorandum and Order directing the Clerk of Court to re-send the Prisoner Authorization form to plaintiff and to notify plaintiff that if he failed to return a completed and signed Prisoner Authorization form within thirty (30) days, the action would be dismissed without prejudice. (ECF No. 13, Memorandum and Order.) More than 30 days have elapsed and plaintiff has not filed a signed Prisoner Authorization form.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with the Federal Rules of Civil Procedure or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (explaining Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute" (citing *Link v. Wabasha R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional citation omitted)).

The Second Circuit has identified five factors for the court to assess when determining whether dismissal is proper: whether "(1) the duration of plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [whether the court] adequately assessed the efficacy of lesser actions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No single factor is dispositive. *Id.*

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires an incarcerated plaintiff seeking to proceed IFP to submit an IFP application, a Prisoner Authorization form, and a filing fee to be paid in installments. 28 U.S.C. § 1915(a)(2), (b)(1). Failure to do so is grounds for dismissal of an incarcerated plaintiff's complaint. *See Razzoli v. Exec. Office of U.S. Marshals*, No. 10-CV-4269 (CBA), 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010). Despite multiple opportunities, plaintiff has failed to comply with these requirements for more than one year. Accordingly, as applied in this case, the *Drake* factors weigh in favor of dismissal.

5

Plaintiff was first notified of his deficient filings on June 16, 2017. (ECF No. 1, Notice of Deficient Filing.) Since then, the court has informed plaintiff on three separate occasions of the deficiencies with his filings and provided him with the necessary forms to correct the identified deficiencies. (ECF No. 8, Memorandum and Order; ECF Entry dated 1/10/2018; ECF No. 11, Notice of Deficient Filing; ECF No. 13, Memorandum and Order.) Although plaintiff has filed various documents with the court over the course of the year since his initial filing, plaintiff has failed to file signed documents or otherwise comply with the PLRA requirements, of which the court has repeatedly reminded him. As such, plaintiff's delay has significantly delayed this litigation. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal for failure to prosecute where *pro se* party caused seven-month delay). Plaintiff was warned on March 6, 2018, more than three months ago, that failure to complete the Prison Authorization form within thirty days of that warning would result in dismissal without prejudice. (ECF No. 13, Memorandum and Order.)

Prejudice to defendants may be presumed from an unreasonable delay in prosecution, as occurred here, where the plaintiff has failed to comply with court orders for more than a year and has offered no excuses explaining such failures. *Drake*, 375 F.3d at 256; *Muhammed v. Wright*, No. 09-cv-639A, 2014

WL 4425741, at *3 (W.D.N.Y. Sept. 9, 2014) (presuming prejudice as a matter of law due to eight-month delay). Given the court's congested calendar, the significant resources and time the court has already expended in addressing plaintiff's repeated failures to prosecute this case, even when prompted by the court, the fourth *Drake* factor weighs in favor of dismissal. Finally, the court finds that it would not be effective to impose lesser sanctions than dismissal because plaintiff has not been responsive to multiple court orders and warnings. *Ruzsa*, 520 F.3d at 178 (stating that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice).

## CONCLUSION

For the foregoing reasons, the *Drake* factors weigh in favor of dismissal. The action is dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to *pro se* plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated: June 26, 2018
      Brooklyn, New York

                                                /s/
                                    **HON. KIYO A. MATSUMOTO**
                                    United States District Judge